UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DOROTHY CHARLEY, Individually and as
Administrator of the Estate of LADALE KENNEDY,

Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
CAPTAIN W. VESNESKE, CAPTAIN GRAVLIN,
SERGEANT R. PAIGE, SERGEANT D. BASFORD,
SERGEANT LANGDELL, LIEUTENANT T. DEBYAH,
LIEUTENANT D. REYNOLDS, CORRECTION OFFICER R.
HOOKER, CORRECTION OFFICER M. PHILLIPS,
CORRECTION OFFICER K. MAURER, CORRECTION
OFFICER G. TYLER, CORRECTION OFFICER C. COX,
CORRECTION OFFICER E. DRUMMATTER, CORRECTION
OFFICER K. PHILLIPS, CORRECTION OFFICER J. HEALY,
CORRECTION OFFICER E. GAVIN, CORRECTION OFFICER S.
HARMER, CORRECTION OFFICER S. DALEY, REGISTERED
NURSE B. HUNDLEY, NURSE S. BIONDO, COUNSELOR
ORC CAMPBELL, CORRECTION OFFICERS JOHN/JANE
DOES # 1-5 AND MEDICAL STAFF JOHN/JANE DOES # 6-
10,

Defendants.

**ANSWER TO FIRST
AMENDED COMPLAINT**
Civil Case No.
9:25-cv-01020 (AMN/TWD)

Jury Trial Demanded

_____

Defendant NURSE S. BIONDO (hereinafter "Defendant") by her attorneys, LAMARCHE

SAFRANKO LAW PLLC, as and for an Answer to the First Amended Complaint (the "Complaint")

of plaintiff herein, alleges as follows:

1.      Defendant lacks knowledge or information sufficient to form a belief as to the

allegations contained in the paragraphs of the Complaint numbered "1", "2", "10", , "13", , "15",

"16", "17", "18", "19", "23", "26", "27", "30", "31", "32", "33", "35", "36", "37", "38", "39",

"40", "41", "42", "43", "44", "45", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78", "79", "80", "81", "82", "83", "84", "85", "86", "88", "89", "90", "91", "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", 105", "106", "107", "108", "109", "112", "113", "114", "115", "116", "131", "133", "163", "170", "189", "190", "191", "192", "193", "194", "195", "196", "197".

2.     Defendant denies the allegations in paragraphs "3", "4", "5" "6", "7", "8", "9," "11", "12," , "14", "47", "48", "49", "50", "111", "118", "119", "120", "121", "122", "123", "124", "125", "126", "127", "128", "129", "132", "134", "135", "136", "137" "138", "139", "140", "141", "142", "143", "144", "145", "146", "147", "148", "149", "150", "151", "152", "153", "154", "155", "156", "157", "158", "159", "160", "161", "162, "164", "165", "166", "167", "172", "173", "174", "176", "177", "179", "180", "181", "182", "183", "184", "185", "186", "187"  of the Complaint insofar as they concern her, and otherwise denies knowledge or information sufficient to form a belief concerning the allegations.

3.     The allegations contained in paragraphs ""20", "21", "22", "24", "28", "117", "169", "171", "175" of the Complaint contain legal conclusions to which no response is required, and to the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief allegation therein.

4.     As to paragraph "34" of the Complaint, Defendant admits that she previously was employed as a nurse at Upstate Correctional facility, and otherwise denies knowledge or information sufficient to form a belief concerning the remainder of the allegations.

5. As to paragraph "46" of the Complaint, Defendant admits that she is a citizen of the United States and otherwise denies knowledge or information sufficient to form a belief concerning the remainder of the allegations.

6. As to paragraphs numbered "25", "51", "110", "130", "155", "168", "178", "188" of the Complaint, the Defendant repeats, reiterates and realleges her responses to each and every allegation, claim and statement repeated, reiterated and realleged, with the same force and effect as if fully set forth herein at length.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8. The Court lacks subject matter jurisdiction over Defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9. Defendant is entitled to qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10. Any injuries or damages sustained by Plaintiff or Plaintiff's decedent were caused by intervening and/or superseding acts or omissions of third parties for whom Defendant is not responsible.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11. Plaintiff relies upon impermissible group pleading in the Complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12. Plaintiff's injuries, if any, were caused in whole, or in part, by the culpable conduct of third parties.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13. Plaintiff may lack capacity to prosecute all or some of the claims alleged in the Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14.    Defendant was not personally responsible for, or involved in, any acts of commission or omission alleged by Plaintiffs, and are therefore not liable under 42 U.S.C. § 1983.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15.    The injuries allegedly sustained by the Plaintiff and Plaintiff's decedent, were caused in whole, or in part, by the conduct of one or more parties or entities for whose conduct the Defendant is not responsible for.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16.    The claims contained herein are barred, in whole or in part, by the applicable Statute of Limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17.    Defendant's conduct was in accord with the relevant standard of care applicable to similarly situated medical providers.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18.    On information and belief, Plaintiff's decedent may have failed to exhaust all available administrative remedies.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff's claim may be barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20.    Any injuries or damages alleged were caused, in whole or in part, by Plaintiff's decedent's own culpable or negligent conduct.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

4

21. It is denied Plaintiff's decedent suffered any injuries proximately caused by the actions or inactions of Defendant.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

22. On information and belief, Plaintiff and/or Plaintiff's decedent may have failed to mitigate damages.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff is not entitled to punitive damages insofar as Defendant did not act willfully or maliciously.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

24. Plaintiff's damages must be reduced to the extent they have been or will be replaced by any collateral sources in accord with New York State C.P.L.R. § 4545.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

25. Plaintiff has failed to establish personal jurisdiction over Defendant.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

26. To the extent Plaintiff raises state law claims, they are barred by § 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

## AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

27. To the extent any liability is found as against Defendant, such liability must be apportioned in accordance with Article 16 of the New York State C.P.L.R. Article 16.

## JURY TRIAL DEMAND

28. Defendant demands a trial by jury of all claims so triable.

Dated:  April 1, 2026

s/Joshua R. Friedman, Esq. (520628)
LaMarche Safranko Law PLLC
*Attorneys for Defendant Biondo*
987 New Loudon Road
Cohoes, New York 12047
T: (518) 982-0770
JFriedman@LSLawNY.com

6