THE LAW OFFICE OF ELLIE SILVERMAN, PC
745 5TH AVENUE, SUITE 500 * NEW YORK, NY * 10151

August 24, 2026

VIA ECF
Hon. U.S. District Judge Anne M. Nardacci
James T. Foley US Courthouse
445 Broadway
Albany, NY 12207

Re: Charley v. DOCCS et al.,
Docket No. 9:25-cv-1020 (AMN-CBF)

Your Honor:

I write to respectfully request, *nunc pro tunc,* a third (3rd) extension of time to respond to Moving-Defendants HEALY, HARMER, GAURIN, DALEY, and DRUMMATTER's Motion to Dismiss (Dkt. No. 84). Plaintiff has conferred with counsel for Moving-Defendants, and this request is submitted on consent.

Since the Court granted the second (2nd) extension, the parties have continued the multi-step meet-and-confer process previously described to the Court. On July 15, 2026, Plaintiff served Moving-Defendants with a redlined *proposed* Second Amended Complaint ("SAC"), along with a detailed email explaining how Plaintiff believes the *proposed* SAC cures the Rule 8 and group-pleading concerns raised in the motion. That July 15 email also provided case law such as *Wynder v. McMahon* and *Bishop v DOCCS* supporting the permissibility of collective references where individualized allegations appear elsewhere in the complaint and detailed how the *proposed* SAC alleged personal involvement consistent with *Tangreti*, *Wiggins*, and *Victory*.

The parties then held an extensive and productive meet-and-confer, during which they reached an agreement regarding Defendants DRUMMATTER and DALEY. The parties also agreed to circle back and continue discussing Defendant HARMER's individualized allegations. Plaintiff also agreed to propose a narrowing of certain causes of action.

As stated in Plaintiff's second extension request, Plaintiff had requested additional documents. The first batch of records was received prior to the July 15 proposed SAC email; the second batch (over six-hundred (600) pages of OMH records from New York State in the related Court of Claims matter) was received after the July 15 email and after the parties' had their meet-and-confer.

On August 21, 2026, Plaintiff's counsel sent defense counsel a comprehensive, defendant-specific analysis addressing HARMER, HEALY, and GAURIN. That email focused on the case law governing pre-incident liability and deliberate indifference. Specifically, the August 21 email outlined how HEALY and GAURIN may be liable based on pre-incident

conduct that worsened Kennedy's mental-health deterioration, and how HARMER may be liable for deliberate indifference when the need for care was obvious and reliance on the nurse was unreasonable. The August 21 email also included case law, proposed detailed factual additions to strengthen the causal-connection allegations, and offered to narrow some of the causes of action. Defense counsel has not yet had an opportunity to review this in-depth proposal.

Plaintiff respectfully submits that good cause exists for this request. This wrongful-death matter involves dozens of defendants across multiple ranks, overlapping time periods, extensive mental-health documentation, and a complex factual record. The newly received OMH records[1], the proposed SAC already provided to defense counsel, the extensive meet-and-confer and the detailed defendant-specific analysis sent on August 21 all require careful incorporation into SAC 2.0. Additionally, there is no prejudice to Moving-Defendants, as they have consented to this request.

Notably, Plaintiff's counsel acknowledges and apologizes that this request is being filed one business day after the previously requested deadline. Plaintiff's counsel sent the detailed analysis to defense counsel earlier in the day on August 21, anticipating a brief exchange before filing either the proposed SAC or a follow up letter to the Court, which marked the task "complete" in counsel's internal calendaring system. However, Defense counsel was out of office until August 24, and the automated bounce-back did not trigger the usual notification in Plaintiff's inbox. Because the task had already been marked "complete", counsel inadvertently lost track of the filing deadline. This constitutes good faith law-office failure and Plaintiff respectfully requests that the extension be granted *nunc pro tunc*.

To allow the parties sufficient time to complete the iterative process and to accommodate the Jewish Holidays, the parties respectfully propose the following schedule:

- **October 16, 2026:** Plaintiff will either (a) file a letter motion to upload the SAC on consent, if agreement is reached; or (b) file a letter motion seeking leave to upload the proposed SAC not on consent, so that the Court may determine whether the revised SAC (including the newly added factual detail and the OMH records) sufficiently addresses the

[1] The newly received OMH records materially impacted the defendant-specific allegations and the causal-connection analysis, particularly with respect to Kennedy's documented psychosis, delusions, untreated schizophrenia, repeated OMH referrals, and high-risk psychiatric instability. Plaintiff is continuing to incorporate these records into a revised proposed SAC ("SAC 2.0") and explained this in the August 21 email.

THE LAW OFFICE OF ELLIE SILVERMAN, PC
745 5TH AVENUE, SUITE 500 * NEW YORK, NY * 10151

issues raised in the motion; or (c) file her opposition to the Motion to Dismiss, if issues remain.[2]

- **October 30, 2026:** Moving Defendants will file their reply, only if necessary.

Importantly, none of the prior extensions have gone to waste. Each extension has involved substantial progress. This extension will likewise not be wasted to allow the parties to continue working cooperatively.

Thank you in advance for the Honorable Court's consideration of this request.

Respectfully submitted,
Ellie Silverman

[2] Plaintiff notes that the October 16 deadline also provides for/accounts for sufficient time to prepare a full opposition to the Motion to Dismiss should the parties, after completing all meet-and-confer efforts and revisions to the proposed SAC, be unable to reach agreement.